The Honorable Stephen D. Bright State Representative 127 Southshore Drive Maumelle, AR 72113-5310
Dear Representative Bright:
You have presented the following question for my opinion:
 Do county governments have the authority to levy through an ordinance of the quorum court a hotel occupancy tax (a fee for each day of occupancy of each room in the hotel) for any purpose?
RESPONSE
It is my opinion that county governments have the authority to levy, by ordinance, a gross receipts tax on hotels under certain circumstances, discussed below. Such a tax must be calculated as a percentage of the gross receipts of the taxed hotel for accommodation rentals, rather than as a flat fee for each day of occupancy of each room in the hotel. State law provides no authority for a "hotel occupancy tax" calculated in that manner.
The authority of counties to levy a gross receipts tax on hotels is granted in two separate statutes. The first is A.C.A. § 14-20-112, which states in full:
14-20-112. County gross receipts tax on hotels and restaurants.
 (a)(1)(A) Any county in which there is located a city that levies a two percent (2%) gross receipts tax on hotels, motels, and restaurants as authorized in §§ 26-75-601 — 26-75-613 may levy by ordinance of the county quorum court a like tax at the same rate as the levying city or at a lesser rate upon the furnishing of hotel and motel accommodations and upon the gross receipts of restaurants and similar establishments located within the county outside the boundaries of the levying municipality.
 (B) Any county in which there is located a city that levies a two percent (2%) gross receipts tax on hotels, motels, and restaurants as authorized in § 26-75-701 et seq. may levy by ordinance of the county quorum court a like tax at the same rate as the levying city or at a lesser rate upon the furnishing of hotel and motel accommodations, the admission price to tourist attractions as defined in § 26-52-1001, the gross receipts of gift shops referred to in § 26-75-701, restaurants, and similar establishments located within any township in the county outside the boundaries of the levying municipality.
 (b)(1) When any county levies the tax authorized in this section, the tax so levied shall be paid by the persons, firms, and corporations liable therefor and shall be collected by the levying county in the same manner and at the same time as the gross receipts tax levied by § 26-52-101 et seq.
 (2)(A)(i) The quorum court levying such tax and the governing body of the city levying a like tax may enter into an agreement whereby the tax levied by the county will be collected by the city.
 (ii) If the tax levied by the county is collected by the city, all revenues derived from the tax shall be deposited in the city advertising and promotion fund.
 (B) If the tax is collected by the levying county, all revenues derived from the tax, after deducting an amount equal to the cost of collecting it, shall be deposited in the advertising and promotion fund of the city located within the county that levies a like tax.
 (C) All such funds deposited in the city advertising and promotion fund shall be used for the purposes prescribed in §§ 26-75-601 — 26-75-613.
 (c) When any county levies a tax as authorized in this section, the tax shall be reported and remitted in the manner and on forms prescribed by the county or the city, and the provisions of § 26-52-101 et seq.,
relating to rules, regulations, forms of notice, assessment procedures, and the enforcement and collection of the Arkansas gross receipts tax shall be applicable with respect to the enforcement and collection of any tax levied pursuant to this section, so far as practicable.
A.C.A. § 14-20-112.
The county gross receipts tax described above can be levied only by counties in which there is a city that levies an "advertising and promotion tax" under the authority of A.C.A. § 26-75-601 et seq. or A.C.A. § 26-75-701 et seq. Counties in which there is no city that levies an advertising and promotion tax can nevertheless levy by ordinance a gross receipts tax on hotels (and certain other entities) under the authority of A.C.A. § 26-74-501 for certain purposes. That statute states in full:
 Any county which does not levy a tax under § 14-20-112, county gross receipts tax on hotels and restaurants, and in which there is not located a city which levies a tax under § 26-75-602 or § 26-75-701, may, by either an ordinance of the county quorum court or through petition pursuant to § 26-74-502(a), levy a tax in the amount necessary for the payment of bonds issued or indebtedness incurred by the county public facilities board for the purposes prescribed in this subchapter, but in no event to exceed two percent (2%) upon the gross receipts or gross proceeds from either or both of the following:
 (1) Gross receipts or gross proceeds from the renting, leasing, or otherwise furnishing of hotel, motel, or short term condominium rental accommodations for sleeping, meeting, or party room facilities for profit in such city, but such accommodations shall not include the rental or lease of such accommodations for periods of thirty (30) days or more;
 (2) Portions of gross receipts or gross proceeds received by restaurants, cafes, cafeterias, delis, drive-in restaurants, carry-out restaurants, concession stands, convenience stores, grocery store-restaurants, and similar businesses as shall be defined in the levying ordinance, from the sale of prepared food and beverages for on-premises or off-premises consumption, but such tax shall not apply to such gross receipts or gross proceeds of fraternal organizations qualified under section 501(c)(3) of the federal Internal Revenue Code.
A.C.A. § 26-74-501.
It should be noted that the above-described county gross receipts tax on hotels (and other entities) can only be levied in the amount necessary for the payment of bonds issued or indebtedness incurred by the county public facilities board for "the purposes described" in the subchapter. Those purposes are to provide all or part of the funds for the construction, reconstruction, extension, equipment, acquisition, or improvement of wildlife management areas or public recreational facilities, including funds used to match federal funds or to purchase land for the construction of fishing lakes or wildlife management areas by the Arkansas State Game and Fish Commission. See A.C.A. § 26-74-504. It should also be noted that the electors can request an election on this tax by the filing of a petition, as described in A.C.A. § 26-74-502. If such a petition is duly filed, an election must be held to approve the tax. Otherwise, it can be levied by ordinance.
The two taxes discussed above are the only taxes authorized by state law to be levied specifically on hotels through county ordinance. Again, these taxes are not calculated as a flat fee for each day of occupancy of each hotel room, but rather as a percentage of the hotel's gross receipts for room rentals.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General